**WO**                                                                MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eltorna Gant,                    ) | No. CV 10-676-PHX-MHM (LOA) |
|  Petitioner,            ) | **ORDER** |
| vs.                                 ) | |
| Charles Ryan, et al.,        ) | |
|  Respondents.       ) | |

Petitioner Eltorna Gant, who is represented by attorney Thomas Jacobs, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #1). He has paid the $5.00 filing fee. The Court will require an answer to the Petition.

Petitioner was convicted in Pinal County Superior Court, case #CR-2000027076, of first-degree murder and was sentenced to imprisonment for 25 years to life. He was also convicted of two counts of attempted first-degree murder and was sentenced to consecutive, 18-year terms of imprisonment.

In his Petition, Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent. Petitioner contends he was convicted in violation of his Fifth Amendment right to due process and his Sixth Amendment right to counsel. In the Memorandum of Points and Authorities attached to his Petition, he asserts that he received ineffective assistance of counsel at trial and on appeal.

**TERMPSREF**

Petitioner contends that he has presented these issues to the Arizona Court of Appeals and Arizona Supreme Court. The Court will require Respondents to answer the Petition. 28 U.S.C. § 2254(a).

**IT IS ORDERED:**

(1) The Clerk of Court must serve a copy of the Petition (Doc. #1) and this Order on the Respondent and the Attorney General of the State of Arizona by certified mail pursuant to Rule 4, Rules Governing Section 2254 Cases.

(2) Respondents must answer the Petition within 40 days of the date of service. Respondents must not file a dispositive motion in place of an answer but may file an answer limited to relevant affirmative defenses, including but not limited to, statute of limitations, procedural bar, or non-retroactivity. If the answer is limited to affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer. Failure to set forth an affirmative defense in an answer may be treated as a waiver of the defense. Day v. McDonough, 126 S. Ct. 1675, 1684 (2006). If not limited to affirmative defenses, the answer must fully comply with all of the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(3) Petitioner may file a reply within 30 days from the date of service of the answer.

(4) This matter is referred to Magistrate Judge Lawrence O. Anderson pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

DATED this 5th day of April, 2010.

_____
Mary H. Murgula
United States District Judge